UNITED STATES of America,

v.

Mark WEDDLETON.

No. 92–0869RC.

United States District Court,
D. Massachusetts.

Aug. 11, 1992.

Duane Deskins, Asst. U.S. Atty., Boston, Mass., for plaintiff.

James E. Costello, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER RE: SETTING CONDITIONS OF RELEASE

COLLINGS, United States Magistrate Judge.

### INTRODUCTION

Mark Weddleton was arrested in the District of Massachusetts on a warrant issued by the United States District Court for the Southern District of Florida. The warrant was based on a Petition filed by the U.S. Probation Officer for the Southern District of Florida on March 4, 1992 alleging that the defendant violated the terms and conditions of his probation which had been imposed in that Court on September 30, 1991. Although jurisdiction over the probationer has not been transferred to Massachusetts, the defendant was being supervised by the Probation Office in Massachusetts and the acts which formed the basis of the allegation that defendant violated his probation occurred in Massachusetts.

The Government contends that on these facts, the undersigned has no discretion to set conditions of release for the defendant and must hold the defendant in custody under the applicable law and rules; counsel for the defendant contends otherwise. The issue requires a close analysis of the histo-

ry and wording of the applicable statutes as well as the interplay between Rules 32.1 and 40(d) of the Federal Rules of Criminal Procedure.

## STATUTES—PAST AND PRESENT

I first turn to the statutes, both past and present, which have governed the arrest of probation violators to determine whether any speak to the question of whether, after a probationer's arrest, a judicial officer has the power to release the violator on bail or conditions after initial appearance pending further hearings on the violation. However, before commencing the analysis of the statutes, one further fact must be mentioned. According to the indictment which was filed in the Southern District of Florida upon which the defendant was convicted and sentenced to probation, the offenses of which the defendant was convicted occurred between December 11, 1990 and January 6, 1991. This is important because the applicable statutes are different for persons convicted of offenses occurring before November 1, 1987 and offenses committed after that date. In the instant case, the defendant committed the offenses for which he was convicted after November 1, 1987.

### Statutes Applicable To Convictions For Offenses Committed Before November 1, 1987

If the offenses for which the defendant was convicted had occurred before November 1, 1987, the procedures to be followed after his arrest in Massachusetts would have been governed by 18 U.S.C. § 3653, which provides, in pertinent part:

> If the probationer shall be arrested in any district other than that in which he was last supervised, he shall be returned to the district in which the warrant was issued, unless jurisdiction over him has been transferred as above provided to the district in which he is found, and in that case he shall be detained pending further proceedings in that district.

June 25, 1948, c. 645; 62 Stat. 842; May 24, 1949, c. 139, § 56, 63 Stat. 96.

A close reading of this statute reveals that if jurisdiction is not transferred to the district of arrest, the defendant "shall be returned to the district in which the warrant issued." If jurisdiction is transferred to the district of arrest, the defendant "shall be detained pending further proceedings in that district." It is clear that the last independent clause, i.e., "and in that case he shall be detained pending further proceedings in that district," refers to the clause immediately preceding, i.e., "unless jurisdiction over him has been transferred as above provided to the district in which he is found." Thus, the statute requires that a person be "returned" when probation supervision has been not been transferred and "detained" when the jurisdiction has been transferred. The meaning of the word "detained" seems clear enough. But does the word "returned" include detention, i.e., does the word "returned" mean "returned in custody?" It would seem odd to require detention when jurisdiction is transferred but allow conditions of release to be set when a defendant is to be returned to the district in which the warrant issued.

Title 18 U.S.C. § 3653 was originally enacted on June 25, 1948 as part of a comprehensive revision of the criminal code. When enacted, the last two sentences read as follows:

> The warrant [for the probationer's arrest] may be executed either by the probation officer or the United States marshal for either the district in which the probationer was placed upon probation or for any district in which he is found. If the probationer is arrested in a district other than that in which he was placed upon probation, the officer making the arrest may return him to the district in which the warrant was issued.

The wording of this statute would seem to imply that the probationer would be "returned" to the district in which the warrant was issued in the custody of the officer who made the arrest.

It so happens that on the same date as Congress passed the comprehensive revision of the criminal code, i.e., June 25, 1948,

Congress also passed an amendment to § 3653 by amending the 1925 Act which had established a probation system in the United States Courts. This statute read, in pertinent part:

> If the probationer shall be so arrested in a district other than that in which he is being supervised, he shall be returned to the district out of which such warrant shall have been issued, unless jurisdiction over him is transferred as above provided to the district in which he is found, and in that case he shall be detained pending further proceedings in that district.

H.R.Rep. No. 2766, 80th Cong., 2d Sess, (1948), reprinted in 1948 *U.S.Code Congressional Service*, p. 703–4.

In 1949, to reconcile two separate and overlapping amendments made on June 25, 1948 to the same statute, Congress again amended § 3653 so that it reads as it now does for offenses occurring before November 1, 1987. *See* § 3653, page 2, *supra.*

Thus, it can be seen that the provision regarding a probationer being "detained" first appeared in the amendments to the act providing for a probation system; the revision of the criminal code passed the same day provided that the officer making the arrest could "return" the probationer to the district from which the warrant issued. In reconciling the two, Congress, in essence, followed the amendment to the act providing for the establishment of a probation system whereby a defendant is "returned" if jurisdiction is not transferred and "detained" if jurisdiction is transferred.

The legislative history of the amendments to the probation act is brief and provides no clue as to what was meant by the use of the word "detained." The primary thrust of the amendment was to allow for transfer of jurisdiction which did not exist prior to the enactment. Prior practice had permitted transfer of supervision, but if there was a violation, the probationer "... must be returned to the court which granted probation," a "procedure sometimes involv[ing] considerable time and expense." S.Rep. No. 1544, 80th

Cong., 2d Sess. (1948), reprinted in 1948 *U.S.Code Congressional Service*, pp. 2061–2. The amendment enacted on June 25, 1948 provided for a transfer of jurisdiction after arrest if both districts consented. However, it is unclear why the word "returned" is used if jurisdiction is not transferred and why "detained" is used if jurisdiction is transferred.

### *Statutes Applicable To Convictions For Offenses Committed After November 1, 1987*

Be that as it may, the statutory provisions governing cases in which the underlying offenses occurred after November 1, 1987 (18 U.S.C. § 3565) was enacted on October 12, 1984 and has no similar provision. That section provides, in pertinent part:

> (a) **Continuation or revocation.**—If the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may, after a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, and after considering the factors set forth in section 3553(a) to the extent they are applicable—
>
>> (1) continue him on probation, with or without extending the term or modifying or enlarging the conditions; or
>>
>> (2) revoke the sentence of probation and impose any other sentence that was available under subchapter A at the time of the initial sentencing.

Pub.L. 98–473, Title II, § 212(a)(2), October 12, 1984, 98 Stat. 1995, amended Pub.L. 100–690, Title VI, § 6214, Title VII, § 7303(a)(2), Nov. 18, 1988, 102 Stat. 4361, 4464; Pub.L. 101–647, Title XXXV, § 3585, Nov. 29, 1990, 104 Stat. 4930.

As can be seen, there is no mention whatever in this statute of the procedures to follow when a probationer is arrested in a district other than the district which imposed the probation and from which the warrant issued. Congress did not incorporate into § 3565 the provisions of § 3653 requiring that probationers arrested in other districts be either "returned" or "de-

tained." However, whether by omitting the language of § 3653 in the new statute, Congress intended to allow for the setting of bail or conditions of release in such situations is unclear.

A review of the legislative history of the repeal of 18 U.S.C. § 3653 and the enactment of 18 U.S.C. § 3565 for offenses committed after November 1, 1987 does not reveal any discussion as to why the provisions of § 3653 governing the situation in which a probationer is arrested in a district other than the one in which the warrant was issued were not included in § 3565. There is the following statement in the legislative history to § 3565:

> Provisions governing the arrest of a probationer are contained in proposed 18 U.S.C. § 3606; provisions governing the hearing to be accorded the probationer are contained in Rule 32.1 [FN 230: *See Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *see also Morrisey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).] The Committee felt it appropriate to leave procedural provisions concerning probation revocation rights in Rule 32.1 where they will remain subject to periodic revision by the Judicial Conference of the United States if necessary.

S.Rep. No. 225, 98th Cong., 2d Sess. (1984), reprinted in 1984 U.S.C.C.A.N. 3182, 3185.

It could perhaps be argued that when the Committee referred to "leav[ing] procedural provisions concerning the probation revocation rights in Rule 32.1 where they will remain subject to periodic revision by the Judicial Conference," it meant to leave the question of whether conditions of release may be set to the rule also. However, the citation to the *Gagnon* and *Morrisey* cases makes it clear that the "procedural provisions" referred to are those governing the hearing as contained in Rule 32.1(a)(1)(A) through (D) rather than to any issue of whether conditions of release may be set.

It is noted that the pertinent provision of the 1949 version of § 3653 under discussion is contained in the third paragraph of that statute dealing with situation in which "... the probationer ... [is] arrested in any district other than that in which he was last supervised." [1] The only mention of arrest of a probationer in the legislative history of § 3565 is the statement that "... [p]rovisions governing the arrest of the probationer are contained in proposed 18 U.S.C. § 3606." Section 3606 provides that:

> If there is probable cause to believe that a probationer on supervised release has violated a condition of his probation or release, he may be arrested, and, upon arrest, shall be taken without unnecessary delay before the court having jurisdiction over him. A probation officer may make such an arrest wherever the probationer or releasee is found, and may make the arrest without a warrant. The court having supervision of the probationer or releasee, or, if there is no such court, the court having last supervision of the probationer or releasee, may issue a warrant for the probationer or releasee for violation of a condition of release, and a probation officer or United States marshal may execute the warrant in the district in which the warrant was issued or in any district in which the probationer or releasee is found.

The legislative history of § 3606 reads, in pertinent part:

> Proposed 18 U.S.C. 3606 continues the provisions of 18 U.S.C. 3653 which authorize the arrest and return of a probationer to the court having jurisdiction over him when there has been a violation of a condition of probation, and expands the provision to refer to persons on supervised release pursuant to section 3583. The Committee intends that any probationer arrested for violation of a condition of probation be returned to the district in which he is being supervised even if the arrest is made in a different district.

---

1. If the probationer shall be arrested in any district other than that in which he was last supervised, he shall be returned to the district in which the warrant was issued, unless juris- diction over him has been transferred as above provided to the district in which he is found, and in that case he shall be detained pending further proceedings in that district.

S.Rep. No. 225, 98th Cong., 2d Sess. (1984) reprinted in 1984 U.S.C.C.A.N. p. 3182, 3316.

The use of the word "return" in the legislative history is of interest. Does the word mean "returned in custody" as the word "return" did in the 1948 and 1949 enactments to 18 U.S.C. § 3653? There is no explicit answer given.

Lastly, a review of the provisions of the various bail statutes in effect from 1948 to the present reveals no mention of whether a probation violator has a right to be released on bail pending probation revocation proceedings or whether indeed the Court has the power to release a probation violator on bail pending either a preliminary hearing or a revocation hearing. *See* Section 3141, Act June 25, 1948, c. 645, 62 Stat. 683, amended Pub.L. 89–465, § 5(b), June 22, 1966, 80 Stat. 214, repealed Pub.L. 98–473, Title II, c. 1, § 203(a), Oct. 12, 1984, 98 Stat. 1976.

### RULES 32.1 AND 40(d), FEDERAL RULES OF CRIMINAL PROCEDURE

Since a review of the applicable statutes and legislative histories has failed to answer the question of whether a judicial officer has the authority to set conditions of release when a probationer is arrested for violation of probation in a district other than the district which imposed the probation, an examination of the applicable rule and advisory committee notes is necessary. Rule 40(d), Fed.R.Crim.P., provides:

(d) **Arrest of Probationer or Supervised Releasee.** If a person is arrested for a violation of probation or supervised release in a district other than the district having jurisdiction, such person shall be taken without unnecessary delay before the nearest available federal magistrate. The federal magistrate shall:

(1) Proceed under Rule 32.1 if jurisdiction over the person is transferred to that district;

(2) Hold a prompt preliminary hearing if the alleged violation occurred in that district, and either (i) hold the person to answer in the district court of the district having jurisdiction or (ii)

dismiss the proceedings and so notify that court; or

(3) Otherwise order the person held to answer in the district court having jurisdiction, upon production of certified copies of the judgment, the warrant, and the application for the warrant, and upon the finding that the person before the magistrate is the person named in the warrant, the federal magistrate shall hold the person to answer in the district in which the warrant was issued.

The instant case is clearly governed by Rule 40(d)(2), Fed.R.Crim.P. The violation is alleged to have occurred in Massachusetts and jurisdiction has not been transferred. However, the rule is silent as to whether a federal magistrate judge can set conditions of release pending the preliminary hearing in the district of arrest and/or the final revocation hearing in the district from which the warrant issued. Rule 40(d)(1), Fed.R.Crim.P., as amended in 1982, contains a reference to Rule 32.1, Fed.R.Crim.P.; Rule 40(d)(2) does not. However, the conduct of a preliminary hearing is governed by Rule 32.1(a)(1), Fed. R.Crim.P., which provides:

(1) **Preliminary Hearing.** Whenever a person is held in custody on the grounds that the person has violated a condition of probation or supervised release, the person shall be afforded a prompt hearing before any judge or a United States magistrate who has been given authority pursuant to 28 U.S.C. § 636 to conduct such hearings, in order to determine whether there is probable cause to hold the person for a revocation hearing. The person shall be given

(A) notice of the preliminary hearing and its purpose and of the alleged violation;

(B) an opportunity to appear at the hearing and present evidence in the person's own behalf;

(C) upon request, the opportunity to question witnesses against the person unless, for good cause, the federal magistrate decides that justice does not require the appearance of the witness; and

(D) notice of the person's right to be represented by counsel.

The proceedings shall be recorded stenographically or by an electronic recording device. If probable cause is found to exist, the person shall be held for a revocation hearing. The person may be released pursuant to Rule 46(c) pending the revocation hearing. If probable cause is not found to exist, the proceeding shall be dismissed.

Thus, Rules 32.1 and 40(d)(1), Fed.R.Crim. P.,[2] provide for the setting of conditions of release pending a revocation hearing[3] at least as to probationers who have been arrested in either the district in which the probation was imposed or the district to which jurisdiction has been transferred. The question is, does the provision of Rule 32.1, Fed.R.Crim.P., providing for bail pending a final revocation hearing, apply to the situation set forth in Rule 40(d)(2), Fed. R.Crim.P., which applies to this case where the probationer is arrested in a district to which jurisdiction has not been transferred but in which the alleged violation occurred? Although not raised on the facts of the instant case, a further question is whether conditions of release may be set in a case governed by Rule 40(d)(3), Fed.R.Crim.P., in which a probationer is arrested in one district, no transfer of jurisdiction has been accomplished, and the acts which form the basis of the violation did not occur in the district of arrest.

It is to be noted that the use of the words "shall be held" or "shall hold" as used in Rules 32.1(a), 40(d)(2) and 40(d)(3), Fed.R.Crim.P., do not mean "shall be de-tained." Rather, the words have the same meaning in these rules as they do in Rule 5.1, Fed.R.Crim.P., which provides that if probable cause is found after a preliminary examination, "... the federal magistrate [judge] shall hold the defendant to answer in the district court." No one would contend that the words as used in Rule 5.1, Fed.R.Crim.P., mean that any time a magistrate judge finds probable cause after a preliminary hearing, the magistrate judge must detain the defendant. Rather, the word "hold" means that the case will proceed and the defendant will be subject either to conditions of release or detention as opposed to being "discharged" as per Rule 5.1(b), Fed.R.Crim.P. Similarly, in Rule 32.1(a), Fed.R.Crim.P., if probable cause is found, the probationer "shall be held for a revocation hearing" but if probable cause is not found, the proceedings shall be "dismissed." The same is true of Rule 40(d)(2), Fed.R.Crim.P. After a preliminary hearing, the magistrate judge is commanded to either "hold" the person to answer or "dismiss the proceedings." This point is made explicit in the Notes of the Advisory Committee to the 1979 Addition to Rule 32.1, Fed.R.Crim.P., which state:

> The federal magistrate [judge] ... if he finds probable cause of a violation [is to] hold the probationer for a revocation hearing. The probationer may be released pending the revocation hearing.

Emphasis added.

## DISCUSSION

■ Returning to the framework of Rule 40(d), Fed.R.Crim.P., it is to be recalled that rule covers three scenarios which may

---

**2.** Revisions have been proposed to both Rule 32.1 and 40, Fed.R.Crim.P. *See* 137 F.R.D. 500-502. However, no changes have been proposed to the subsections applicable to the instant case, i.e., Rule 32.1(a)(1) and 40(d).

**3.** Upon first reading, it is noted that Rule 32.-1(a)(1) (eff. 12/1/91) does *not* provide for release from the time of the initial appearance upon arrest to the time of the preliminary hearing. This is because, by its terms, Rule 32.-1(a)(1) only applies to "a person held in custody on the grounds that the person has violated a condition of probation." Persons who are not held in custody on a probation violation charge are not entitled to a preliminary hearing. Thus, the rule presumes that a probationer may be arrested, brought before a magistrate judge for an initial appearance, and not held in custody pending the revocation hearing, presumably because conditions of release were set at the initial appearance. If a probationer is detained at the initial appearance, he is "held in custody" and is entitled to a preliminary hearing pursuant to Rule 32.1(a)(1). That rule explicitly allows a magistrate judge to release a probationer after a preliminary hearing if the probationer had not been released upon his initial appearance but rather held in custody pending the preliminary hearing. *See* Rule 32.1, Fed.R.Crim.P., Notes of Advisory Committee to 1979 Addition.

be applicable when a probationer is arrested in a district other than the district which imposed the probation. These three are: (1) jurisdiction is transferred to the district of arrest (Rule 40(d)(1), Fed.R.Crim.P.); (2) jurisdiction has not been transferred but the acts which form the basis of the alleged violation occurred in the district of arrest (Rule 40(d)(2), Fed.R.Crim.P.); and (3) jurisdiction has not been transferred and the acts which form the basis of the alleged violation did not occur in the district of arrest. (Rule 40(d)(3), Fed.R.Crim.P.)

The result in the first scenario, i.e., the situation described in Rule 40(d)(1), Fed. R.Crim.P., is clear; the rule explicitly commands the magistrate judge to "[p]roceed under Rule 32.1." Put another way, the magistrate judge should proceed in the same manner he would proceed if the probation had been imposed in the district in which the magistrate judge sits. Since Rule 32.1 applies only when a person is held in custody, it would seem that the only inference which can be drawn from the rules is that upon initial appearance after arrest, the magistrate judge is empowered to set conditions of release. As noted in footnote 3, *supra*, Rule 32.1, Fed.R.Crim. P., specifically provides for the setting of conditions of release after a preliminary hearing pending the revocation hearing. It would be illogical to infer that the framers of the rule intended that an arrested probationer, upon initial appearance before a magistrate judge, must be held in custody pending the preliminary hearing but could be released after the preliminary hearing pending the revocation hearing.

Thus, I conclude that in the situation governed by Rule 40(d)(1), Fed.R.Crim.P., a magistrate judge may set conditions of release upon initial appearance; the setting of the conditions is governed by Rule 46(c), Fed.R.Crim.P., which incorporates the standard of 18 U.S.C. § 3143 in which the standard for release pending sentencing or appeal is promulgated.

■ I turn next to the third scenario, i.e., the situation governed by Rule 40(d)(3), Fed.R.Crim.P. My analysis of the past and present statutes and rules leads to the conclusion that if a probationer is arrested in a district other than the one in which the probation was imposed and the acts which form the basis of the alleged violation did not occur in the district of arrest, and jurisdiction has not been transferred, there is no basis on which conditions of release may be set. No statute, either past or present, has any provisions explicitly permitting the setting of conditions of release in such a situation. Until its repeal in 1984, 18 U.S.C. § 3653 had always provided for the "return" of alleged probation violators to the district of origin in the situation set forth in Rule 40(d)(3), Fed.R.Crim.P., and so far as I can discern, "returned" meant "returned in custody." In these circumstances and in the absence of any explicit indication to the contrary, I interpret the word "returned" as used in the legislative history to the 1984 enactment, 18 U.S.C. § 3606,[4] as it has historically been used in the prior statutes. In doing so, I rely heavily on the fact that the legislative history recites that "[p]roposed 18 U.S.C. 3606 continues the provisions of 18 U.S.C. 3653 which authorizes the arrest and return of a probationer to court having jurisdiction over him ..." (emphasis supplied)[5]

■ That leaves the second scenario, governed by Rule 40(d)(2), Fed.R.Crim.P., which applies to the instant defendant. At first blush, it would appear that the same reasoning as applied to the situation governed by Rule 40(d)(3) should govern this situation. The wrinkle is the command contained in Rule 40(d)(2), Fed.R.Crim.P., that the magistrate judge shall "[h]old a prompt preliminary hearing." Although Rule 40(d)(2), Fed.R.Crim.P., contains no explicit reference to Rule 32.1, Fed.R.Crim. P., it is clear that the preliminary hearing which is to be conducted is the same preliminary hearing as is described in Rule 32.1(a)(1), Fed.R.Crim.P., and the conduct of the hearing is to be in accordance with

---

**4.** *See* page 8, *supra.*

**5.** S.Rep. No. 225, 98th Cong., 2d Sess. (1984) reprinted in 1984 U.S.C.C.A.N. p. 3182, 3316.

the procedural requirements set forth in that rule, particularly the procedures set forth in the subsections denoted (A) through (D).

It is to be recalled that, in subsections (A) through (D), the rule contains four sentences [6] which provide:

> ▉ The proceedings shall be recorded stenographically or by an electronic recording device. [2] If probable cause is found to exist, the person shall be held for a revocation hearing. [3] The person may be released pursuant to Rule 46(c) pending the revocation hearing. [4] If probable cause is not found to exist, the proceeding shall be dismissed.

Rule 32.1(a), Fed.R.Crim.P.

There can be no doubt that the requirement of the first sentence would apply to a preliminary hearing held in accordance with the command of Rule 40(d)(2), Fed.R.Crim.P. The second and fourth sentences parallel the clauses denoted (i) and (ii) of Rule 40(d)(2), Fed.R.Crim.P., but are modified to deal with the specific situation which Rule 40(d)(2), Fed.R.Crim.P., was meant to govern.[7] Conceding the result far from free of doubt, I conclude that when the drafters of Rule 40(d)(2), Fed.R.Crim.P., commanded the magistrate judge to hold a "preliminary hearing," the command was meant to incorporate into the proceedings all of the provisions of Rule 32.1(a), Fed.R.Crim.P., which do not require modification to conform to the specific situation with which Rule 40(d)(2), Fed.R.Crim.P., was meant to govern. This would include the third sentence permitting "release" pending the revocation hearing.

For the same reasons I discussed in connection with Rule 40(d)(1), Fed.R.Crim.P., I am of the opinion that the power is not limited to setting conditions of release after the preliminary hearing "pending the revocation hearing" but also includes the power to set conditions at the initial appearance pending the preliminary hearing. *See* discussion at pp. 458–59, *supra*.

6. I have inserted the bracketed numbers in order to segregate each of the four sentences for discussion purposes.

## CONCLUSION

Accordingly, I rule that Rules 40(d)(2) and 32.1(a)(1), Fed.R.Crim.P., empower a magistrate judge to set conditions of release in any case, such as that of the defendant, in which (1) an alleged probation violator is arrested in a district other than the district in which the probation was imposed, (2) jurisdiction has not been transferred to the district of arrest, and (3) the acts which form the basis of the allegation that the probation has been violated occurred in the district of arrest.

I further conclude that the same rule power exists when jurisdiction has been transferred to the district of arrest. Rule 40(d)(1), Fed.R.Crim.P.

The result is different if jurisdiction has not been transferred and the acts forming the allegation of probation violation did not occur in the district of arrest. Thus, if a probation violator falls within the purview of Rule 40(d)(3), Fed.R.Crim.P., there is no provision which empowers a judicial officer to set conditions of release.

7. After a preliminary hearing, Rule 40(d)(2), Fed.R.Crim.P., commands the magistrate judge "... either (i) hold the person to answer in the district court or (ii) dismiss the proceedings and so notify that court ...".